## McCloskey Estate (No. 2)

*Harvey E. Schauffler, Jr.*, for exceptant.

*William F. Donatelli* and *Docktor & Porter*, contra.

BOYLE, P. J., November 9, 1959.—The facts involved in the case at bar are fully set forth in the opinion filed at the above number (see also 6 D. & C. 2d 97) in the proceedings involving the contest of the will of decedent. In the previous opinion we held, at page 107:

"The question as to whether a constructive trust has been established in favor of Victoria McCloskey, the petitioner, will be reserved until the audit of the final account of the personal representative."

Upon the filing of the account of the executrix exceptions thereto were filed by the personal representative of the estate of Victoria Podwika, alias Victoria McCloskey, deceased, who was the mother of Edward S. McCloskey, deceased. In the adjudication certain of

the exceptions were sustained, others were dismissed and it was further decreed that Helen Majzer, the sole beneficiary named in decedent's will, ". . . holds any fund or property derived by her as beneficiary of the will of Edward S. McCloskey, deceased, as trustee ex maleficio for the benefit of the Estate of Victoria Podwika, formerly Victoria McCloskey, deceased."

Exceptions were filed to the decree of the auditing judge and came on for argument before the court en banc.

The testimony in the case at bar clearly establishes that Helen Majzer, who is the sole beneficiary under the will of testator, deceived him into believing that his will had been destroyed in the fire which occurred in her home two years before testator's death. There is proof that testator mistakenly accepted the alleged destruction of the will by fire as a revocation of the writing. It was further established that Helen Majzer suppressed the existence of the will until after decedent's mother had assumed and paid his funeral expenses in the sum of $1,543.50. The said Helen Majzer also falsely took credit in her sworn account as executrix for having paid said funeral expenses out of the estate's funds.

The proof in the case at bar is not sufficient in law to make out a revocation of the will by testator in compliance with the provisions of section 5 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.5. It is, however, sufficient to establish a course of fraudulent conduct by the beneficiary of the will which was pursued for the purpose of defeating the right of Victoria McCloskey, mother of decedent, to inherit from decedent as his heir at law. The evidence presents a case in which decedent intended to die intestate and was prevented from doing so by the fraudulent representations of Helen Majzer, the sole beneficiary of the will.

Helen Majzer may not profit from her own wrong. In the circumstances of the case at bar the law will impose a constructive trust upon the beneficiary of the will in favor of the estate of Victoria McCloskey who would have taken the estate as heir at law if the will had been revoked: A. L. I. Restatement of the Law of Restitution, §184, comment *e*; Brazil v. Silva, 181 Cal. 490, 185 Pac. 174; Thomas v. Briggs, 98 Ind. App. 352, 189 N. E. 389.

The exceptions filed to the decree of the auditing judge will be dismissed.